```
FILED

JUN 1 0 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            eys            DEPUTY
```

1  RANDY S. GROSSMAN
   Acting United States Attorney
2  MELANIE K. PIERSON
   SABRINA L. FEVE
3  Assistant U.S. Attorneys
   California Bar No. 112520/226590
4  Office of the U.S. Attorney
   880 Front Street, Room 6293
5  San Diego, CA 92101
   Tel: (619) 546-7976
6  Fax: (619) 546-0631
   Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov
7
   CANDINA S. HEATH
8  Senior Counsel
   Texas Bar No. 09347450
9  Computer Crime and Intellectual Property Section
   U.S. Department of Justice
10 Washington, D.C. 20005
   Tel: (202) 307-1049
11 Email: Candina.Heath2@usdoj.gov
12 Attorneys for United States of America

13
14              **UNITED STATES DISTRICT COURT**

15              **SOUTHERN DISTRICT OF CALIFORNIA**

16 UNITED STATES OF AMERICA,        Case No. 18-CR-4683-GPC

17            Plaintiff,

18       v.                         PLEA AGREEMENT

19 ABDUL MOHAMMAD QAYYUM,
   MOHAMMED ABDUL
20            Defendant.

21      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

22 AMERICA, through its counsel, Randy S. Grossman, United States Attorney,

23 and Assistant United States Attorneys Melanie K. Pierson and Sabrina L.

24 Fève, and Computer Crime and Intellectual Property Section Senior

25 Counsel Candy Heath, and Defendant ABDUL MOHAMMAD QAYYUM, with the
   MOHAMMED ABDUL
26 advice and consent of Whitney Z. Bernstein, counsel for Defendant, as

27 follows:

28 //

                                          Def. Initials

I

## THE PLEA

Defendant agrees to plead guilty to Count 2 of the Superseding Information charging Defendant with:

> knowingly and falsely represent himself to be the registrant and legitimate successor in interest to the registrant of 5 or more Internet Protocol addresses, and intentionally initiate the transmission of multiple commercial electronic mail messages from such addresses, in and affecting interstate commerce, on or about between December 2010 and September 2014, within the Southern District of California, in violation of 18 U.S.C. §1037(a)(5) and (b)(3), and 18 U.S.C. §2, a misdemeanor.

The Government agrees to (1) move to dismiss the remaining charges in the underlying Indictment without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. The defendant agrees to waive the Statute of Limitations and any double jeopardy rights and allow the filing of this Superseding Information. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below

II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense of Electronic Mail Fraud, in violation of Title 18, United States Code, Section 1037(a)(5), to which Defendant is pleading guilty, has the following elements:

2

Def. Initials _____

1.  The defendant knowingly and falsely represented himself to be the registrant or the legitimate successor in interest to the registrant of 5 or more Internet Protocol addresses;

2.  The defendant intentionally initiated the transmission of multiple electronic mail messages from such addresses; and

3.  The electronic mail messages were transmitted in and affecting interstate commerce.

The elements of Aiding and Abetting, pursuant to Title 18, United States Code, Section 2(a) are as follows:

1.  Someone committed the offense of Electronic Mail Fraud, in violation of Title 18, United States Code, Section 1037(a)(5);

2.  the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Electronic Mail Fraud;

3.  the defendant acted with the intent to facilitate Electronic Mail Fraud; and

4.  the defendant acted before the crime was completed.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.   At all relevant times, Defendant worked for a San Diego-based internet marketing company called Frontline Direct, then Adconion Direct and then Amobee (hereinafter referred to collectively as Company

3

Def. Initials 

A). Defendant was hired by Company A, in part, to handle the connectivity of the Internet Protocol (IP) addresses it used.

2. During the period from December 2010 through September 2014, Company A purchased 11 domain names associated with IP addresses from Daniel Dye of GetAds (the "GetAds IPs") and announced these IP addresses via Vincent Tarney of the Mata Group and others so that the GetAds IPs could be used by Company A to send multiple commercial email messages throughout the United States. The GetAds IPs included the IP addresses associated with the domain names ect.net (165.192.0.0/16), Telalink.net (207-234.0.0/17 and 207.152.0.0/18), SierraSemi.com (151.192.0.0/16), openbusinesssystems.com (168.129.0.0/16), Moore-Solutions.com (167.87.0.0/16), TrinityMicro.com (63.79.40.0/21), Paxny.com (208.199.68.0/23), Sura.net (163.253.0.0/16), Cdnair.ca (142.147.0.0/16), Mediavis.com (149.118.0.0/16) and Internex.net (various). The domain names associated with the GetAds IPs allowed Company A to control the IP addresses although, as the defendant was aware, neither he, Company A or GedAds were the actual registrants or legitimate successors in interest for these IP addresses. The defendant configured email accounts associated with the GetAds domain names in the names of the points of contact for the true registrants, which were then used and controlled by employees of Company A.

3. To announce some of the GetAds IP netblocks, Dye provided Letters of Authorization ("LOAs"), which falsely attested that the true registrant of the IP addresses had authorized use of the IP addresses. The LOAs provided by Dye used the name of the point of contact, as well as a fictitious letterhead ,of the IP address block's true registrant.

4

Def. Initials

Dye provided electronic versions of LOAs created using word processing software, which enabled the recipient to edit or alter the LOAs.

4.   These LOAs were provided by Company A employees to Tarney and other hosting companies to enable Company A to use the GetAds IPs to send bulk unsolicited commercial email to individuals throughout the United States.

5.   As part of his employment at Company A, the defendant coordinated Company A's connectivity and use of these IP addresses, intending that the IP addresses transmit multiple commercial electronic mail messages throughout the United States, knowing that Company A was not the true registrant or a legitimate successor in interest.

6.   The defendant agrees that the amount of loss attributable his conduct is $9,700.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.   a maximum 1 years in prison;

B.   a maximum $100,000 fine;

C.   a mandatory special assessment of $25 per count;

D.   a term of supervised release of one year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

//

//

5

Def. Initials

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including defendant's removal or deportation from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V
### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be

Def. Initials ___

required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY**
**PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

E.   The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) Mark Manoogian, Jacob Bychak and Petr Pacas. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea or withdraw from their agreement, but the Government is relieved from and not bound by any terms in any agreements in the package.

//

//

7

Def. Initials

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by

Def. Initials

1   statute. It is uncertain at this time what Defendant's sentence will
2   be. The Government has not made and will not make any representation
3   about what sentence Defendant will receive. Any estimate of the probable
4   sentence by defense counsel is not a promise and is not binding on the
5   Court. Any recommendation by the Government at sentencing also is not
6   binding on the Court. If the sentencing judge does not follow any of
7   the parties' sentencing recommendations, Defendant will not withdraw
8   the plea.

9                                    **X**

10              **PARTIES' SENTENCING RECOMMENDATIONS**

11       A.   <u>SENTENCING GUIDELINE CALCULATIONS</u>

12       Although the Guidelines are only advisory and just one factor the
13  Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
14  the defendant will recommend and the government will not contest the
15  following Base Offense Level, Specific Offense Characteristics,
16  Adjustments, and Departures for this defendant for this offense:
             1.   Base Offense Level [§ 2B1.1]                6
17           2.   Amount of Loss [§ 2B1.1(b)(1)(G)]           +2
             3.   Acceptance of Responsibility [§ 3E1.1]      −2
18
     B.   <u>ACCEPTANCE OF RESPONSIBILITY</u>
19
20       Despite paragraph A above, the Government need not recommend an
     adjustment for Acceptance of Responsibility if Defendant engages in
21
     conduct inconsistent with acceptance of responsibility including, but
22
     not limited to, the following:
23
             1.   Fails to truthfully admit a complete factual basis as
24
                  stated in the plea at the time the plea is entered, or
25
                  falsely denies, or makes a statement inconsistent with,
26
                  the factual basis set forth in this agreement;
27
             2.   Falsely denies prior criminal conduct or convictions;
28

                                    9
                                                   Def. Initials _____

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing.

G.   SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $25.00 per misdemeanor count of conviction to be paid forthwith at time of sentencing. Special assessments shall

Def. Initials

1    be paid through the office of the Clerk of the District Court by bank

2    or cashier's check or money order made payable to the "Clerk, United

3    States District Court."

4            2.    <u>Fine</u>

5      The parties will jointly recommend that Defendant pay a fine in

6    the amount of $100,000, which the Court shall order payable in monthly

7    payments.

8            3.    <u>Community Service</u>

9      The parties will jointly recommend that the defendant will perform

10    100 hours of community service during any period of probation or

11    supervised release.

12      H.    <u>SUPERVISED RELEASE/PROBATION</u>

13      If the Court imposes a term of supervised release or probation,

14    Defendant will not seek to reduce or terminate early the term of

15    supervised release or probation until Defendant has served at least 2/3

16    of the term and has fully paid and satisfied any special assessments,

17    fine, and community service.

18                                             **XI**

19          **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

20      Defendant waives (gives up) all rights to appeal and to

21    collaterally attack every aspect of the conviction and sentence. This

22    waiver includes, but is not limited to, any argument that the statute

23    of conviction or Defendant's prosecution is unconstitutional and any

24    argument that the facts of this case do not constitute the crime

25    charged. The only exceptions are 1) Defendant may appeal a custodial

26    sentence above the high end of the guideline range recommended by the

27    Government at sentencing (if USSG § 5G1.1(b) applies, the high end of

28

Def. Initials

the range will be the statutorily required mandatory minimum sentence), and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    1.   Failing to plead guilty pursuant to this agreement;

    2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

    3.   Failing to appear in court;

    4.   Attempting to withdraw the plea;

    5.   Failing to abide by any court order related to this case;

    6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

Def. Initials _____

1        7.   Engaging in additional criminal conduct from the time of

2             arrest until the time of sentencing.

3     If Defendant breaches this plea agreement, Defendant will not be

4 able to enforce any provisions, and the Government will be relieved of

5 all its obligations under this plea agreement. For example, the

6 Government may proceed to sentencing but recommend a different sentence

7 than what it agreed to recommend above. Or the Government may pursue

8 any charges including those that were dismissed, promised to be

9 dismissed, or not filed as a result of this agreement (Defendant agrees

10 that any statute of limitations relating to such charges is tolled

11 indefinitely as of the date all parties have signed this agreement;

12 Defendant also waives any double jeopardy defense to such charges). In

13 addition, the Government may move to set aside Defendant's guilty plea.

14 Defendant may not withdraw the guilty plea based on the Government's

15 pursuit of remedies for Defendant's breach.

16     Additionally, if Defendant breaches this plea agreement: (i) any

17 statements made by Defendant, under oath, at the guilty plea hearing

18 (before either a Magistrate Judge or a District Judge); (ii) the factual

19 basis statement in Section II.B in this agreement; and (iii) any

20 evidence derived from such statements, are admissible against Defendant

21 in any prosecution of, or any action against, Defendant. This includes

22 the prosecution of the charge(s) that is the subject of this plea

23 agreement or any charge(s) that the prosecution agreed to dismiss or

24 not file as part of this agreement, but later pursues because of a

25 breach by the Defendant. Additionally, Defendant knowingly,

26 voluntarily, and intelligently waives any argument that the statements

27 and any evidence derived from the statements should be suppressed,

28

Def. Initials

cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//

Def. Initials

1                                      XV

2                **DEFENDANT SATISFIED WITH COUNSEL**

3        Defendant  has  consulted  with  counsel  and  is  satisfied  with

4    counsel's representation. This is Defendant's independent opinion, and

5    Defendant's counsel did not advise Defendant about what to say in this

6    regard.

7
     DATED: June 4, 2022          Respectfully submitted,
8
                                  RANDY S. GROSSMAN
9                                 United States Attorney

10

11                               _Melanie K. Pierson_
                                  Melanie K. Pierson
12                                Assistant United States Attorney

13                               /s/Sabrina L. Fève
                                  Assistant United States Attorney
14
                                 /s/Candy Heath
15                                Senior Counsel
                                  Computer  Crime  and  Intellectual  Property
16                                Section

17   06/07/2022                   _Whitney Bernstein_
     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
18   DATED                        WHITNEY Z. BERNSTEIN
                                  Defense Counsel
19   **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER**
     **PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE**
20   **ARE TRUE.**

21   06/07/22                     _Qayyum_
22   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
     DATED                        ABDUL MOHAMMED QAYYUM
23                                Defendant

24

25

26

27

28

                                   15

                                          Def. Initials ___